## NATIONAL LIBERTY INS. CO. v. KELLY.
### (No. 2432.)

(Court of Civil Appeals of Texas. Texarkana. June 2, 1921.)

Insurance ⬡⟿145(1)—Insurer held not liable on its fourth policy on goods where its agent was not advised that they had been removed to a place requiring a higher rate.

Where, when defendant company issued its fourth insurance policy on plaintiff's cotton, its agent did not know that the cotton had been removed to the compress, and wrote the policy at a lesser rate than he would if he had so known, and the plaintiff, without reading it, put it away among his papers, and the cotton was destroyed, it was error to render a judgment against the defendant for the insurance, for, on renewal, the insurer may assume that the subject-matter and its location are as described in the former contract, and insured could not excuse his failure to notify the insurer of the change of location on the ground that he did not know a change of locations affected the risk, as that is matter too obvious to be overlooked by a person of ordinary prudence.

Error from Cherokee County Court; C. F. Gibson, Judge.

Action by C. R. Kelly against the National Liberty Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and rendered for the defendant.

Perkins & Perkins, of Rusk, and Will C. Thompson, of Dallas, for plaintiff in error.

W. E. Donley, of Jacksonville, and Guinn & Guinn, of Rusk, for defendant in error.

HODGES, J. This appeal is from a judgment in favor of the defendant in error for the sum of $500 as the value of five bales of

cotton destroyed by fire. The defense is that the cotton was insured while in the Wade Neely warehouse in the city of Jacksonville, but when burned it was at the compress in that city.

It appears from the evidence that four successive insurance policies had been written on this cotton, beginning October 10, 1918. While the third policy was in force, the defendant in error, without notice to the agents of the plaintiff in error, removed the cotton to the compress. When the third policy expired the agent of the plaintiff in error was instructed by the defendant in error to renew the insurance for one year. The agent, not knowing that the cotton had been moved to the compress, wrote a policy insuring the cotton while in the Wade Neely warehouse, and charged a premium for that risk, which was 50 cents on the $100 less than the rate charged for cotton stored at the compress. The policy was mailed to and received by the defendant in error, who, without reading it, put it away among his papers. Upon that state of facts the trial court rendered a judgment for the amount of the policy. We think that was error.

The situation might have been different had this contract of insurance been an original instead of a renewal policy. In writing an original contract of insurance it is the duty of the insurer to ascertain the location of the subject-matter of insurance and to correctly state that location in the contract. But, when the insurer has correctly described the location of the property in one written contract of insurance, and is directed to renew the insurance without any further instructions except as to the length of time the policy is to run, he has the right to assume that the subject-matter of the insurance and its location are the same as described in the former contract. Orient Ins. Co. v. Wingfield, 49 Tex. Civ. App. 202, 108 S. W. 788. The excuse given by the defendant in error for failing to inform the agent that the cotton had been removed to the compress is that he did not know a change of location affected the risk or the rate of insurance. That the fire risk of personal property like cotton is determined principally by the character and location of the building in which it is stored is too obvious to be overlooked by a person of ordinary prudence. If the defendant in error had made even a casual examination of his policy he would have discovered the conditions upon which his insurance was written. It may be true that the plaintiff in error would have readily insured the cotton at the compress, requiring only the payment of a small additional premium. But that fact is not decisive of this case. It is sufficient answer to say that it did not make that kind of a contract.

Insurance contracts, like other written agreements, must be enforced according to their terms. The judgment will therefore be reversed, and judgment here rendered in favor of the plaintiff in error.